# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RECARO NORTH AMERICA, INC.,
a Michigan corporation,

    Plaintiff,

-vs-

    Case No.:
    Honorable

PARAMOUNT STAMPING &
WELDING COMPANY, an Ohio
corporation,

    Defendant.

_____/

Timothy A. Greimel, PLC
Timothy A. Greimel (P61743)
32 Roanoke Lane
Rochester Hills, MI 48309
(248) 425-7525
*Attorneys for Plaintiff*

_____/

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

> There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint.
>
> _____
> Timothy A. Greimel, Esq.

NOW COMES Recaro North America, Inc., by and through its attorneys Timothy A. Greimel, PLC, and, for its Verified Complaint for Injunctive and Other Relief, states as follows:

## THE PARTIES

1. Plaintiff Recaro North America, Inc. ("Recaro") is a first-tier supplier of seats to General Motors Company ("GM") and supplies seats to other manufacturers as well. Recaro's headquarters is located in Auburn Hills, Michigan.

2. Defendant Paramount Stamping & Welding Company ("Paramount") is a second-tier supplier of automotive parts and services. Paramount was hired by Recaro to weld various accessories onto seat frames before the seats are finished by Recaro for delivery to GM and other manufacturers. Paramount's headquarters and manufacturing facility are located in Cleveland, Ohio.

## JURISDICTION

3. The personal property that is in controversy in this matter has a value greater than $75,000.

4. Recaro is a Michigan corporation whose principal place of business is in the State of Michigan.

5. Paramount is an Ohio corporation whose principal place of business is in the State of Ohio.

6. Under 28 U.S.C. § 1332, this Court has diversity jurisdiction over this matter.

## VENUE

7. By reaching out beyond the State of Ohio and creating continuing relationships and obligations with citizens of the State of Michigan, Paramount has purposefully availed itself of the privilege of transacting business in the State of Michigan, thus invoking the benefits and protections of the State of Michigan's laws.

8. Under 28 U.S.C. § 1391(c), therefore, Paramount is properly deemed to reside in the Eastern District of Michigan for the purpose of determining the proper venue for this action.

9. This Court is the proper venue for this action under 28 U.S.C. § 1391(a)(1).

## COMMON ALLEGATIONS

10. Recaro is a first-tier supplier of seats to GM and supplies seats to other manufacturers as well.

11. Recaro and Paramount entered into a contract, pursuant to which Paramount was to perform certain work on seat frames and deliver them to Recaro, which, in turn, finishes the seats and delivers them to GM and other manufacturers.

12. In order to facilitate Paramount's work on the seat frames, Recaro provided Paramount with: the seat frames on which the work was to be performed, valuable tools owned by Recaro, and valuable tools owned by GM.

13. Unfortunately, Paramount has failed to perform its work in a satisfactory and workmanlike manner.

14. As a result, Recaro will no longer utilize the services of Paramount.

15. In order to continue its production of the seats for delivery to GM and other manufacturers, Recaro needs to recover the tools owned by Recaro and by GM that Recaro loaned to Paramount so that it could perform work on the seat frames.

16. In addition, Recaro seeks to recover all seat frames that it has provided to Paramount, but that it has not yet received back from Paramount.

## COUNT I
## BREACH OF CONTRACT

17. All previous paragraphs are incorporated herein by reference.

18. Paramount has failed to perform its work on seat frames in a satisfactory and workmanlike manner.

19. As a result, Paramount has breached its contract with Recaro, and Recaro is terminating its utilization of Paramount as a supplier.

20. Recaro is entitled to be compensated for the damages it has suffered as a result of Paramount's breach of contract and is also entitled to retrieve all tools owned by Recaro, all tools owned by GM, and all seat frames that it loaned to Paramount for the purpose of performing the contracted services.

Wherefore, Recaro requests that this Court award damages to Recaro and issue an order requiring Paramount to return to Recaro all tools owned by Recaro, all tools owned by GM, and all seat frames provided by Recaro to Paramount.

## COUNT II
## INJUNCTIVE RELIEF

21. All previous allegations are incorporated herein by reference.

22. Recaro's representatives will travel to Cleveland, Ohio on January 25, 2010 in order to retrieve the tools owned by Recaro, the tools owned by GM, and all seat frames provided by Recaro to Paramount.

23. Recaro has reason to believe that Paramount may be reluctant to return the property.

24. The tools owned by Recaro and the tools owned by GM are essential to the continued supply of seats by Recaro to GM and other manufacturers.

25. If Paramount does not promptly return the tools to Recaro, substantial disruptions to Recaro's production of seats and to the supply chains of GM and other manufacturers could occur.

26. Even a delay in returning the tools as short as a couple of days could result in irreparable harm to Recaro, GM, and/or other manufacturers.

27. As a result, Recaro respectfully requests that this Court issue an injunctive order requiring Paramount to immediately return the tools owned by Recaro and GM to Recaro.

28. Recaro will suffer more harm if injunctive relief is not granted than Paramount will suffer if relief is granted. Recaro will suffer the irreparable harm of a substantial shut down of its operations. Paramount will not suffer any significant harm.

29. Recaro is likely to prevail on the merits of its efforts to require Paramount to return the tools. Recaro and GM are the rightful owners of the tools. Title to the tools has never passed to Paramount, and Paramount's temporary possession of the tools was always contingent on its satisfactory performance of its contract with Recaro. Due to Paramount's inability to satisfactorily perform its contract with Recaro, Paramount is no longer entitled to possession of the tools.

30. The public interest will suffer no harm from the issuance of injunctive relief. To the contrary, the public interest will only suffer harm if injunctive relief is not issued. The absence of injunctive relief could result in substantial disruptions to the operations of Recaro, GM, and/or other manufacturers. The public interest is served by issuing an injunction requiring Paramount to return the tools to Recaro.

Wherefore, Recaro requests that this Court issue an injunction requiring Paramount to immediately return the tools owned by Recaro and GM to Recaro.

## PRAYER FOR RELIEF

**WHEREFORE**, and for the above stated reasons, Recaro North America, Inc. requests that this Court grant relief as follows:

A.　Issue an injunction requiring Paramount Stamping & Welding Company to immediately return tools owned by Recaro North America, Inc. and General Motors Company.

B.　Award all damages and other legal relief, including attorney fees, costs, and interest, to which Recaro North America, Inc. is entitled in this case.

Respectfully submitted:

**TIMOTHY A. GREIMEL, PLC**

By: /s/ Timothy A. Greimel
　　Timothy A. Greimel (P61743)
　　*Attorneys for Plaintiff*
　　32 Roanoke Lane
　　Rochester Hills, Michigan 48309
　　(248) 425-7525

Dated: January 22, 2010

## VERIFICATION

I declare that the factual statements above are true to the best of my information, knowledge, and belief, except as to those statements made upon information and belief and legal opinions.

*Gloria Day* (signature)

Gloria Day
Director of Purchasing
Recaro North America, Inc.

Dated: January 22, 2010


Subscribed to and sworn before me
January 22, 2010

*Sherrie R. Stevens* (signature)
, Notary Public
Oakland County, Michigan
My Commission expires: Nov. 5, 2012